UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

FREDERICK JONES,

          Plaintiff,

- against -

NYC DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT,
ALLEN AFFORDABLE HDFC,

          Defendants.
----------------------------------------------------------X

**ORDER**
**09 CV 2104 (RJD)(LB)**

**BLOOM, United States Magistrate Judge:**

On November 30, 2009, plaintiff filed a motion for default judgment against defendant Allen Affordable HDFC ("Allen"), a corporation. (Document 21.) According to documents attached to plaintiff's motion, defendant Allen was served with process through the New York Secretary of State on October 2, 2009. Allen did not respond to the complaint, and the Clerk of Court entered default against defendant Allen pursuant to Fed. R. Civ. P. 55(a). On December 10, 2009, the Court ordered defendant Allen to show cause why it had not responded to the complaint or otherwise appeared in this action or the Court would enter a judgment of default. (Document 26.)

Defendant Allen responded by affidavit on January 29, 2010, stating that Allen's offices moved locations in September 2009, just prior to the October 2, 2009 service date. (Document 34.) The affidavit claims that a mail-forwarding problem delayed their receipt of process until November 2009. At that time, an employee at Allen promptly forwarded the summons and complaint to their attorney. However, unbeknownst to the employee, that

attorney had left the firm and thus the summons and complaint went unanswered. It was not until the same employee received the Court's December 10, 2009 Order to Show Cause that Allen became aware that the matter had not been addressed. Defendant apologizes to the Court and requests an additional thirty days to respond to the complaint. Defendant's request is granted.

It is well established that default judgments are disfavored and "there is a strong public policy favoring resolving disputes on the merits." Pecarsky v. Galaxiworld, 249 F.3d 167 (2d Cir. 2001). Under Rule 55, "the court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether to set aside a party's default, the district court should consider principally "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001)(citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)). Allen has not formally moved to vacate the entry of default, nevertheless "opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default, despite the absence of a formal Rule 55(c) motion." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981).

Although defendant Allen did not timely respond to the complaint, there has been no discovery in this case, and defendant NYC Department of Housing Preservation and Development has filed a motion to dismiss the complaint, which is pending. Therefore, plaintiff has suffered no prejudice as a result of defendant Allen's failure to respond. Furthermore, as stated in defendant's affidavit, the failure to respond was not willful, and

defendant intends to move to dismiss the complaint. The Court therefore sets aside the Clerk's entry of default against defendant Allen,[1] and denies plaintiff's motion for default judgment. See Kuklachev v. Gelfman, No. 08-CV-2214, 2009 U.S. Dist. LEXIS 15592, *15 (E.D.N.Y. Feb. 26, 2009)(holding that once an entry of default is vacated, the requirements for default judgment are no longer satisfied). The Court shall hold a status conference in this case on March 18, 2010 at 2:30 in Courtroom 11A at which time defendant Allen shall serve its response to plaintiff's complaint.[2]

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Date: February 9, 2010
Brooklyn, New York

---

[1] Although the standard for setting aside entry of default under Rule 55(c) requires a lesser showing than the "excusable neglect" standard for setting aside a default judgment under Rule 60(b), see Kuklachev v. Gelfman, No. 08-cv-2214, 2009 U.S. Dist. LEXIS 15592, *9 n.4 (E.D.N.Y. Feb. 26, 2009)(citing Meehan, 652 F.2d at 276), under the facts presented, defendant Allen would also meet this higher standard.

[2] As defendant NYC Department of Housing Preservation and Development has filed a fully briefed motion to dismiss, (document 31), it need not appear at the March 18, 2010 conference.

3